[Cite as *State v. Swogger*, 2025-Ohio-1871.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Andrew J. King, J. |
| | : | Hon. Robert G. Montgomery, J. |
| -vs- | : | |
| | : | |
| DYLAN SWOGGER | : | Case No. 2024CA00159 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 2024CR0236

JUDGMENT:                         Affirmed

DATE OF JUDGMENT:                 May 23, 2025

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

KYLE L. STONE                             GEORGE URBAN
PROSECUTING ATTORNEY                      116 Cleveland Avenue NW
                                          Suite 808
MEGAN STARRETT                            Canton, OH  44702
110 Central Plaza South
Suite 510                                 DYLAN SWOGGER
Canton, OH  44702-1413                    #A813782
                                          Toledo Correctional Institution
                                          P.O. Box 80033
                                          Toledo, OH  43608

*King, J.*

{¶ 1}   Defendant-Appellant, Dylan Swogger, appeals his September 12, 2024 convictions from the Court of Common Pleas of Stark County, Ohio.  Appellee is the State of Ohio.  We affirm the trial court.

### FACTS AND PROCEDURAL HISTORY

{¶ 2}   On February 29, 2024, the Stark County Grand Jury indicted Swogger on four counts of harassment by inmate with a bodily substance in violation of R.C. 2921.38.  Said charges arose from Swogger's conduct while confined in the Stark County Jail; he threw urine and/or feces at correctional officers.  Two of the counts were subsequently dismissed.

{¶ 3}   A jury trial on the remaining two counts commenced on September 5, 2024.  At the conclusion of the State's case, Swogger made a motion for acquittal under Crim.R. 29; the motion was denied.  The jury found Swogger guilty as charged.  By judgment entry filed September 12, 2024, the trial court sentenced Swogger to twelve months on each count, to be served consecutively.

{¶ 4}   Swogger filed an appeal and was appointed counsel.   Thereafter, Swogger's attorney filed an *Anders* brief under *Anders v. California*, 386 U.S. 738 (1967).  In *Anders,* the United States Supreme Court held that if, after a conscientious examination of the record, the defendant's counsel concludes that the case is wholly frivolous, then counsel should so advise the court and request permission to withdraw.  *Id.* at 744.  Counsel must accompany the request with a brief identifying anything in the record that could arguably support the defendant's appeal*.  Id.*  Counsel also must: (1) furnish the defendant with a copy of the brief and request to withdraw; and (2) allow the defendant

sufficient time to raise any matters that the defendant chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶ 5} On January 23, 2025, Swogger's counsel filed a motion to withdraw and indicated he sent Swogger a copy of the *Anders* brief. By judgment entry filed January 30, 2025, this court noted counsel had filed an *Anders* brief and indicated to the court that he had served Swogger with the brief. Accordingly, this court notified Swogger via certified U.S. Mail that he "may file a pro se brief in support of the appeal within 60 days from the date of this entry." Swogger did not do so.

{¶ 6} The matter is now before this court for consideration of counsel's *Anders* brief. Counsel urges this court to review the following:

I

{¶ 7} "THE APPELLANT'S CONVICTION WAS AGAINST THE SUFFICIENCY OF THE EVIDENCE."

II

{¶ 8} "OTHER ERRORS WERE COMMITTED AT TRIAL NOT RAISED HEREIN BUT APPARENT ON THE RECORD."

I

{¶ 9} In the first assignment of error, counsel suggests Swogger's conviction was against the sufficiency of the evidence. We disagree.

{¶ 10} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307 (1979). "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

{¶ 11} Swogger challenges his convictions for harassment by inmate with a bodily substance in violation of R.C. 2921.38(A) which states:

> No person who is confined in a detention facility, with intent to harass, annoy, threaten, or alarm another person, shall cause or attempt to cause the other person to come into contact with blood, semen, urine, feces, or another bodily substance by throwing the bodily substance at the other person, by expelling the bodily substance upon the other person, or in any other manner.

{¶ 12} The jury heard from Correctional Officers Lucas Kazar and Hunter Martin.

{¶ 13} Officer Kazar testified on January 23, 2024, Swogger was confined in the Stark County Jail when he requested toilet paper. September 5, 2024 T. at 193, 196. When Officer Kazar passed the toilet paper though the food slot, Swogger threw a liquid substance on him, making contact with his chest and face. *Id.* at 196, 215. Officer Kazar

testified the liquid was warm, and smelled and tasted like urine. *Id.* at 196, 222. He further testified Swogger was alone in his cell, and lacked access to any other liquid other than water and the liquid thrown on him was not water. *Id.* at 195-197, 215-216, 224. Officer Kazar identified Swogger in court as the individual who threw urine on him. *Id.* at 212, 214.

{¶ 14} Officer Martin testified on January 25, 2024, he opened Swogger's cell to take him to a court hearing when Swogger threw a substance on him. *Id.* at 210, 225-226, 228; State's Exhibit 1. Officer Martin testified the substance landed under his nose and smelled like feces and had the consistency of feces. *Id.* at 228-229. Officer Martin spit and gagged because it "got into my mouth, up my nose." *Id.* at 232. Swogger was alone in his cell, no one else could have thrown it. *Id.* at 226. Officer Martin identified Swogger in court as the individual who threw feces on him. *Id.* at 210-211, 233.

{¶ 15} Counsel argues there is nothing in the record to prove Swogger intended "to harass, annoy, threaten, or alarm another person." One does not throw urine and feces on another to "welcome" or greet them. Swogger was incarcerated and Kazar and Martin were his jailers. The jury can infer Swogger's intent was to harass, annoy, threaten, or alarm the officers.

{¶ 16} We find sufficient evidence, if believed, was presented to support a finding that Swogger committed harassment as an inmate with a bodily substance.

II

{¶ 17} In his second assignment of error, counsel suggests other errors were committed at trial that are apparent on the record. We disagree.

{¶ 18} We have examined the record and do not find any apparent errors. The trial court properly handled Swogger's challenge to his competency, the trial was conducted according to law, jury instructions were proper, and Swogger's sentence was appropriate under the law. R.C. 2945.37; R.C. 2953.08; R.C. 2929.14(A)(5); R.C. 2929.14(C)(4); July 3, 2024 T. at 4-5 (Stipulated Competency Report, Court's Exhibit 1); September 5, 2024 T. at 256-271, 286-295, 307; September 10, 2024 T. at 28-32. We have reviewed the record and found no error which would warrant a reversal of Swogger's convictions or sentence.

{¶ 19} "*Anders* equated a frivolous appeal with one that presents issues lacking in arguable merit. . . . An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Pullen,* 2002-Ohio-6788, ¶ 4 (2d Dist.).

{¶ 20} After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. We find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the trial court.

{¶ 21} The judgment of the Court of Common Pleas of Stark County, Ohio, is hereby affirmed.

By: King, J.

Hoffman, P.J. and

Montgomery, J. concur.